UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JULIA CAVAZOS, *et al.*,
    Plaintiffs

v.

RYAN ZINKE, *et al.*,
    Defendants

Civil Action No. 18-891 (CKK)

**MEMORANDUM OPINION**
(January 7, 2019)

Plaintiffs allege that they are Native Americans who have been illegally stripped of their tribal membership by their Tribe, the Saginaw Chippewa Indian Tribe of Michigan, in violation of the Judgment Funds Act ("JFA"). Compl., ECF No. 1, ¶¶ 1-3. Plaintiffs petitioned Defendants to enforce the JFA and to reestablish their tribal membership. *Id.* at ¶ 6. After Defendants failed to adequately respond, Plaintiffs brought this action to compel Defendants to respond to Plaintiffs' petition and to enforce the requirements of the JFA. Defendants have moved for dismissal of Plaintiffs' Complaint, arguing that Plaintiffs failed to exhaust their administrative remedies.

Upon consideration of the pleadings,[1] the relevant legal authorities, and the record as a whole, the Court GRANTS Defendants' motion. The Court concludes that Plaintiffs'

---

[1] The Court's consideration has focused on the following documents:
- Defs.' Mot. to Dismiss Compl., ECF No. 10 ("Defs.' Mot.");
- Pls.' Mem. in Opp'n to Defs.' Mot. to Dismiss, ECF No. 12 ("Pls.' Opp'n");
- Defs.' Reply in Support of Mot. to Dismiss, ECF No. 13 ("Defs.' Reply").

The Court also considered the Notice of Supplemental Authority submitted by Plaintiffs. *See* ECF No. 14. In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCvR

Complaint fails to state a claim because, absent the completion of the administrative appeal process, Defendants' inaction does not constitute a final agency action subject to judicial review under the Administrative Procedures Act ("APA"). 5 U.S.C. § 704 (requiring "final agency action" prior to judicial review).

## I. BACKGROUND

For the purposes of the motion before the Court, the Court accepts as true the well-pleaded allegations in Plaintiffs' Complaint. The Court does "not accept as true, however, the [P]laintiffs['] legal conclusions or inferences that are unsupported by the facts alleged." *Ralls Corp. v. Comm. on Foreign Inv. in U.S.*, 758 F.3d 296, 315 (D.C. Cir. 2014).

Plaintiffs allege that they were unlawfully disenrolled from membership in the Saginaw Chippewa Indian Tribe of Michigan ("the Tribe") in violation of the JFA. Compl., ECF No. 1, ¶ 60. The JFA was passed by Congress in 1986. *Id.* at ¶ 39. As is relevant here, the Act required the Tribe to eliminate reservation residency requirements for membership and to open enrollment for an eighteen-month period to allow a certain segment of Native Americans to become official members of the Tribe. *Id.* at ¶ 40. Plaintiffs are among those who properly applied for, and received membership in, the Tribe during the JFA's open enrollment period. *Id.* at ¶ 47. But, beginning in 2011 and culminating in 2015, Plaintiffs contend that the Tribe's leadership initiated a series of proceedings disenrolling those individuals whose tribal membership had been mandated by the JFA. *Id.* at ¶ 58.

---

7(f).

Under the JFA, the Secretary of the Interior is tasked with enforcing the requirements of the JFA when tribal leadership fails to perform in accordance with the Act. *Id.* at ¶ 71 (citing Pub. L. No. 99-346, 100 Stat 674 § 5(b)(2) (1986)). In 2015, Plaintiffs allege that their counsel contacted Bureau of Indian Affairs ("BIA") officials and urged them to enforce the JFA and to compel the Tribe to cease its disenrollment proceedings. *Id.* at ¶ 61. Plaintiffs contend that the BIA did not take action in response to their request. *Id.* at ¶ 62. To force a response, in 2016, Plaintiffs claim that they filed a formal petition with the Department of the Interior ("DOI") asking agency officials, including those at the BIA, to enforce the JFA and to compel the Tribe to cease its unlawful disenrollment proceedings. *Id.* at ¶ 63. Following their formal petition, Plaintiffs allege that they have repeatedly communicated with DOI officials, including Defendants, in an effort to force a response to their petition. *Id.* at ¶ 64. Despite these efforts, Plaintiffs contend that Defendants have taken no action on their petition. *Id*. Plaintiffs claim that Defendants' failure to enforce the JFA and to compel the Tribe to reenroll Plaintiffs has caused Plaintiffs stigmatic injuries by denying them their Tribal identity as well as financial injuries by denying them Tribal resources. *Id.* at ¶ 65.

In response to Defendants' alleged inaction, Plaintiffs now bring this case under the APA to compel Defendants to respond to Plaintiffs' petition and to enforce the JFA. In response, Defendants have filed a motion to dismiss Plaintiffs' Complaint, arguing that judicial review is not appropriate under the APA as Defendants never reached a final agency action because Plaintiffs failed to exhaust the administrative appeal process.

## II. LEGAL STANDARD

Plaintiffs' cause of action arises under Section 702 of the APA which allows individuals who have been harmed by an agency action to challenge that agency action in court. 5 U.S.C. § 702. However, in order to challenge an agency action under the APA, that agency action must be a "final agency action." *Id.* at § 704. Defendants contend that Plaintiffs do not have a "final agency action" to challenge and ask this Court to dismiss Plaintiffs' Complaint.

Defendants ask this Court to dismiss Plaintiffs' Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) based on Plaintiffs' failure to administratively exhaust their claim. Under Rule 12(b)(1), a Court must dismiss a plaintiff's complaint if the court lacks subject-matter jurisdiction. Fed. R. Civ. Pro. 12(b)(1). And, under Rule 12(b)(6), a Court must dismiss a plaintiff's complaint if the plaintiff fails "to state a claim upon which relief can be granted." *Id.* at 12(b)(6). For the reasons given below, the Court concludes that Defendants' motion to dismiss for exhaustion is properly treated as a motion to dismiss for failure to state a claim under Rule 12(b)(6).

Defendants' motion is best dealt with under Rule 12(b)(6) because the United States Court of Appeals for the District of Columbia Circuit ("D.C. Circuit") has clarified that "the APA's final agency action requirement is not jurisdictional." *Trudeau v. Fed. Trade Comm'n*, 456 F.3d 178, 184 (D.C. Cir. 2006); *see also M2Z Networks, Inc. v. Fed. Commc'n Comm'n*, 558 F.3d 554, 558 (D.C. Cir. 2009) ("The Administrative Procedure Act (APA) does not pose a barrier to jurisdiction because judicial exhaustion requirements under the APA are prudential only."). Because the APA's requirement of a

4

final agency action is not jurisdictional, even if Plaintiffs failed to exhaust their administrative remedies, this Court would still have subject matter jurisdiction over Plaintiffs' claim. Accordingly, Rule 12(b)(1) is inapplicable, and the Court will evaluate Defendants' motion to dismiss under Rule 12(b)(6).

Rule 12(b)(6) provides that a party may challenge the sufficiency of a complaint on the grounds it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. Pro. 12(b)(6). When evaluating a motion to dismiss for failure to state a claim, the district court must accept as true the well-pleaded factual allegations contained in the complaint. *Atherton v. D.C. Off. of Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009), *cert. denied*, 559 U.S. 1039 (2010). "[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Rather, a complaint must contain sufficient factual allegations that, if accepted as true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Failure to exhaust administrative remedies is an affirmative defense which the defendant bears the burden of pleading and proving. *See Mondy v. Sec'y of the Army*, 845 F.2d 1051, 1058 n.3 (D.C. Cir. 1988) (MacKinnon, J., concurring); *see also Bowden v. United States*, 106 F.3d 433, 437 (D.C. Cir. 1997) ("Because untimely exhaustion of administrative remedies is an affirmative defense, the defendant bears the burden of pleading and proving it."). If the defendant meets that burden, the plaintiff bears the burden of pleading and proving the equitable avoidance of that affirmative defense. *See Bowden*, 106 F.3d at 437.

5

**III. EXHAUSTION OF PLAINTIFFS' ADMINISTRATIVE REMEDIES**

The Court concludes that Plaintiffs' Complaint should be dismissed because Plaintiffs failed to administratively exhaust their claims. Only final agency actions are subject to judicial review under the APA. 5 U.S.C. § 704. And, BIA regulations mandate that an agency action is final only if it cannot be appealed to a superior authority within the department. 25 C.F.R. § 2.6(a). Here, Defendants' failure to act in response to Plaintiffs' petition was appealable and thus not final. *Id.* at § 2.8(b). Accordingly, Plaintiffs do not present the Court with a final agency action subject to judicial review under the APA.

Plaintiffs bring their claim under the APA, which provides a waiver of federal sovereign immunity for plaintiffs to challenge an agency action or inaction which has harmed them. 5 U.S.C. § 702 ("An action in a court of the United States … stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed … on the ground that it is against the United States."). But, only "final agency action[s]" or those actions made reviewable by statute are subject to judicial review. *Id.* at § 704. Plaintiffs cite no statute which would make Defendants' decision reviewable. Accordingly, Defendants' decision is reviewable only if it is a "final agency action." *Id.*

As is relevant here, under the APA, an agency action is not final if the agency requires that the decision be appealed to a "superior agency authority." *Id.* In this case, Defendants' decision was not final under the APA because BIA regulations required that the Defendants' inaction be administratively appealed before becoming final.

In order to challenge inaction by the BIA, a petitioner must: 1) request in writing that the official take the action originally asked of him or her; 2) describe the interest which has been adversely affected by the official's inaction; and 3) state that, unless the official takes the action within ten days or by a date certain, an appeal will be filed. 25 C.F.R. § 2.8(a). If the official makes a decision contrary to the petitioner's request or fails to take the requested action within the designated timeframe, that official's decision or inaction "shall be appealable to the next official." *Id.* at § 2.8(b). BIA regulations further mandate that, prior to making an appeal, "[a]n appellant must file a written notice of appeal in the office of the official whose decision is being appealed" *Id.* at § 2.9(a). The regulations go on to specify the format, timing, and content required for the appeal. *Id.* at § 2.9-2.21.

Plaintiffs do not allege, and there is no record evidence, that Plaintiffs engaged in the prescribed appellate process to challenge Defendants' inaction. And, BIA regulations make clear that "[n]o decision, which at the time of its rendition is subject to appeal to a superior authority in the Department, shall be considered final so as to constitute Departmental action subject to judicial review under" Section 704 of the APA. 25 C.F.R. § 2.6(a). Accordingly, Defendants' inaction, which was subject to an appeal, was not a final agency action and is not subject to judicial review under the APA.

Despite their failure to appeal Defendants' inaction, Plaintiffs have two arguments for why this Court should not dismiss their Complaint. First, Plaintiffs argue that the statutes and regulations applicable to this case did not require them to administratively appeal Defendants' inaction prior to judicial review. Second, even if exhaustion is

7

required, Plaintiffs argue that this Court should excuse their failure to exhaust. The Court is persuaded by neither argument.

First, the applicable statute and regulations required Plaintiffs to complete the administrative appeal process before filing suit. The Court has already explained the statute and regulations which required Plaintiffs to appeal Defendants' inaction prior to judicial review. Plaintiffs' contention that those statutory and regulatory requirements do not apply to this case is without merit.

Plaintiffs argue that no statute requires them to exhaust their administrative remedies prior to filing suit. But, Plaintiffs ignore Section 704 of the APA. Section 704 of the APA mandates that only final agency actions are subject to judicial review and explains that an agency action is not final if "an appeal to superior agency authority" is required by regulation. 5 U.S.C. § 704. Here, an appeal to a superior agency authority was required by BIA regulation, which mandates that agency inaction is "appealable to the next official." 25 C.F.R. § 2.8(b). Accordingly, the APA required Plaintiffs to appeal Defendants' inaction in order to obtain a final agency action subject to judicial review.

Plaintiffs also argue that BIA regulations requiring administrative appeal do not apply to this dispute. As an initial matter, the Court concludes that regulations specific to the JFA, which Plaintiffs accuse Defendants of failing to enforce, are unnecessary because the BIA's general regulations provide a mechanism for challenging any agency action or inaction. The BIA's regulations of general applicability apply to "all appeals from decisions made by officials of the Bureau of Indian Affairs[,]" including to the agency inaction complained of here. 25 C.F.R. § 2.3(a).

Plaintiffs also argue that BIA regulations do not apply to this dispute because Defendants "fail[ed] to identify any official subordinate to the Secretary with decision-making responsibility under the JFA." Pls.' Opp'n, ECF No. 12, 5. But, Plaintiffs' Complaint names two officials subordinate to the Secretary of the Interior, the Director of the BIA and the Acting Assistant Secretary for Indian Affairs. It is clear from the face of Plaintiffs' Complaint that Plaintiffs were aware of at least two officials subordinate to the Secretary with responsibility over their claim. Moreover, BIA regulations identify various individuals who can decide appeals of agency decisions. *See* 25 C.F.R. § 2.4 (naming "officials [who] may decide appeals").

Plaintiffs go on to argue that, even if the BIA regulations do apply to this case, those regulations did not "require" Plaintiffs to bring an administrative appeal before seeking judicial review. Plaintiffs argue that the BIA's administrative appeal process for agency inaction is discretionary because the regulation states that a "person or persons whose interests are adversely affected, or whose ability to protect such interests is impeded by the failure of an official to act on a request to the official, *can* make the official's inaction the subject of appeal." 25 C.F.R. § 2.8(a) (emphasis added). According to Plaintiffs, the use of the word "can" renders the appellate process optional and thus not a bar to judicial review. *See Darby v. Cisneros,* 509 U.S. 137, 147 (1993) (explaining that the APA exhaustion requirements do not "require litigants to exhaust optional appeals").

The D.C. Circuit has not addressed this issue, but the Tenth Circuit, in *Gilmore v. Weatherford*, 694 F.3d 1160 (10th Cir. 2012), rejected the exact argument that Plaintiffs make here. 694 F.3d at 1169. While *Gilmore* is not binding on this Court, the Court is

9

persuaded by its reasoning. According to *Gilmore,* the use of the word "can" does not render the appellate process optional. Instead, "the optional 'can' applies to the ability of an aggrieved individual to appeal–an individual is not compelled to appeal simply because [he or] she is aggrieved by agency inaction. Proper exhaustion, however, requires that a litigant 'complete the administrative review process' before seeking judicial review." *Gilmore*, 694 F.3d at 1169 (quoting *Jones v. Bock*, 549 U.S. 199, 218 (2007)). In other words, the appellate process is optional only if a petitioner does not intend to seek judicial review of agency inaction. But, if a petitioner intends to seek judicial review of agency inaction, then the petitioner must complete the appellate process.

Moreover, the Court finds that Plaintiffs' interpretation of the word "can" is illogical given the BIA's statutory scheme. The "can" language appears only in the regulatory provision addressing the administrative appeal process for agency inaction, not agency action. According to Plaintiffs' reading of the provision, the appellate process is optional for cases of agency inaction but remains mandatory for cases of agency action. Plaintiffs provide no explanation for this inconsistency, and "[i]t is well-understood that statutes must be construed so as to avoid illogical or unreasonable results." *Int'l Union, United Auto., Aerospace and Agr. Implement Workers of Am. v. Brock*, 816 F.2d 761, 766 (D.C. Cir. 1987).

In summary, Defendants' inaction does not constitute a final agency action under BIA regulations because Plaintiffs did not pursue the required administrative appeal process. 25 C.F.R. § 2.8(b). And, the statute under which Plaintiffs bring their claims, the APA, mandates that only final agency action is subject to judicial review. 5 U.S.C. § 704.

Accordingly, under the APA in conjunction with BIA regulations, Plaintiffs' Complaint does not state a claim which is subject to judicial review. *See Reliable Automatic Sprinkler Co., Inc. v. Consumer Product Safety Comm'n*, 324 F.3d 726, 731 (D.C. Cir. 2003) ("If there was no final agency action …, there is no doubt that appellant would lack a cause of action under the APA.").

Alternatively, if exhaustion is required, and the Court has concluded that it is, Plaintiffs argue that any failure to exhaust should be excused. Exhaustion requirements under the APA are prudential, and, in the court's discretion, a plaintiff's failure to exhaust administrative remedies may be excused. *See Mdewakanton Sioux Indians of Minnesota v. Zinke*, 264 F. Supp. 3d 116, 128 n.19 (D.D.C. 2017) (explaining that failure to follow exhaustion requirements under the APA may be excused). However, the Court will not use its discretion to excuse Plaintiffs' failure to exhaust in these circumstances.

The D.C. Circuit has explained that it is rare for courts within this Circuit to waive the exhaustion requirement. *UDC Chairs Chapter, Am. Ass'n of Univ. Professors v. Bd. of Tr. of the Univ. of the District of Columbia*, 56 F.3d 1469, 1475 (D.C. Cir. 1995) (explaining that exhaustion is waived only in exceptional circumstances). Courts may exercise their discretion to excuse a failure to exhaust when: 1) there are no facts in dispute; 2) the disputed issue is outside the agency's expertise; 3) requiring exhaustion would be futile; or 4) the plaintiff's need for immediate judicial review outweighs the purposes of exhaustion. *See Conservation Force v. Salazar*, 919 F. Supp. 2d 85, 91-92 (D.D.C. 2013) (citing *Avocados Plus Inc. v. Veneman*, 370 F.3d 1243, 1247 (D.C. Cir.

2004)). In its discretion, the Court concludes that none of these grounds justify excusing Plaintiffs' failure to exhaust the administrative appeal process.

First, Plaintiffs argue that there is no dispute as to the facts such that the Court would benefit from additional record development at the agency level. Because the issue is purely legal, Plaintiffs contend that this case "presents issues on which courts, not [administrators] are relatively more expert," so exhaustion should be waived. *Athlone Indus., Inc. v. Consumer Product Safety Comm'n*, 707 F.2d 1485, 1488-89 (D.C. Cir. 1983) (internal quotation marks omitted). The Court disagrees.

At this stage in litigation, the Court cannot conclude that there are no facts in dispute. On a motion to dismiss, all well-plead facts in the complaint are taken to be true. *English v. District of Columbia*, 717 F.3d 968, 971 (D.C. Cir. 2013). Accordingly, it is unsurprising that Defendants did not challenge Plaintiffs' factual allegations at this juncture in the proceeding. And, the Court will not take Defendants failure to challenge Plaintiffs' factual allegations as an indication that Defendants agree with all of Plaintiffs' asserted facts. Moreover, even if Defendants were to agree with the factual record as it currently stands, the administrative appeal process could produce additional facts which would benefit the Court in its review. Accordingly, the Court will not exercise its discretion to excuse Plaintiffs' failure to exhaust on this ground.

The second ground for excusing Plaintiffs' failure to exhaust is equally unavailing. Plaintiffs do not even argue that the disputed issue–whether the JFA requires Defendants to compel the Tribe to reenroll Plaintiffs–is outside the agency's area of expertise. And, the Court concludes that this issue is of the type which would benefit

from agency analysis as it involves tribal membership, an issue on which the BIA is experienced. Accordingly, the Court will not excuse Plaintiffs' failure to exhaust on this ground.

Third, Plaintiffs contend that exhaustion would be futile because Defendants have already decided that the JFA does not require them to take the actions that Plaintiffs request. When it is clear that further administrative action will result in an adverse decision, courts can exercise their discretion to excuse exhaustion and proceed with judicial review of the issues. *See Randolph-Sheppard Vendors of Am. v. Weinberger*, 795 F.2d 90, 105-06 (D.C. Cir. 1986) (explaining that a failure to exhaust can be excused "where it appears that agency inaction is in reality a statement by the agency of its unwillingness to consider the issue"). But, here, the Court concludes that requiring Plaintiffs to exhaust their administrative remedies would not be futile.

Plaintiffs cite *Electronic Privacy Information Center v. Internal Revenue Service*, No. 17-5225, 2018 WL 6613339 (D.C. Cir. Dec. 18, 2018) ("*EPIC*"), for the proposition that failure to exhaust does not bar judicial review when a plaintiff's requests to an agency are "repeatedly met with a closed door." 2018 WL 6613339, *4. But, this case is distinguishable from *EPIC*. As the D.C. Circuit explained, *EPIC* did not present "the ordinary exhaustion case in that the IRS [did] not claim that EPIC neglected to file an administrative appeal." *Id.* at *3. Here, Plaintiffs neglected to file an administrative appeal. Moreover, in *EPIC*, the D.C. Circuit determined that "[n]one of the purposes of exhaustion supports barring judicial review of EPIC's claims." *Id.* at *4. Here, in its discretion, the Court concludes that the purposes of exhaustion support a bar to judicial

13

review as completion of the administrative appeal process would "prevent[] premature interference with agency processes, … afford[] the parties and the courts the benefit of [the agency's] experience and expertise, … [and] compile[] a record which is adequate for judicial review." *Hidalgo v. Fed. Bureau of Investigation*, 344 F.3d 1256, 1259 (D.C. Cir. 2003) (internal quotation marks omitted).

Completing the administrative appeal process would allow Defendants the opportunity to develop, refine, or change their position on Plaintiffs' claim. The changes which could result from the appeal process have the potential to limit, or even obviate, the need for judicial review. The likelihood for change is especially great here as Plaintiffs present an issue of first impression for the agency and the agency has not yet had the opportunity to illicit input from interested parties. Defendants' failure to act in response to Plaintiffs' repeated requests is not sufficient to infer that Defendants have already determined the outcome of Plaintiffs' petition. The BIA regulations anticipated agency inaction and created an appellate procedure to address such inaction. Given Plaintiffs' failure to pursue that administrative appeal process, the Court will not infer a preordained outcome from Defendants' inaction.

Moreover, the Court disagrees with Plaintiffs' assertion that Defendants have already expressed a firm opposition to Plaintiffs' claim. Plaintiffs cite to a footnote in Defendants' motion which states: "Defendants disagree with Plaintiffs that the [JFA] requires the Department to take the particular actions that Plaintiffs assert." Defs.' Mot., ECF No. 10, 2 n.1. The Court finds that this general denial is not an unequivocal statement that, on administrative appeal, Defendants will refuse Plaintiffs' requested

relief. Even when agencies are not required by statute to take action, they often still retain discretionary authority to do so. Accordingly, regardless of whether or not Defendants view themselves as statutorily required to take action, Defendants may still choose to take action affording Plaintiffs relief if Plaintiffs seek an administrative appeal. *See Am. Assoc. of Univ. Professors*, 56 F.3d at 1475 (explaining that exhaustion should be excused on futility grounds only if it is certain that the plaintiff's claim would be denied by the agency).

Accordingly, the Court concludes that an administrative appeal pursuant to BIA regulations would not be futile. And, the Court will not exercise its discretion to excuse Plaintiffs' failure to exhaust on futility grounds.

Finally, Plaintiffs contend that delaying judicial review in order to afford time for an administrative appeal would cause them irreparable harm. Plaintiffs claim that expulsion from the Tribe has caused them to lose their Tribal identities as well as to lose the benefits and privileges of tribal membership. Plaintiffs argue that these harms are irreparable and will only be exacerbated by a delay in judicial review.

Despite Plaintiffs' alleged harms, in its discretion, the Court will not excuse Plaintiffs' failure to exhaust on this ground. Plaintiffs have spent approximately three years corresponding with Defendants in an effort to get relief. Yet, during this time Plaintiffs failed to take advantage of the relatively straight-forward process that BIA regulations provide for compelling agency action. The Court will not exercise its discretion to forego exhaustion, and the benefits to the administrative record that it entails, because Plaintiffs have delayed taking the necessary steps and created an

emergency of their own making. *See Ass'n of Flight Attendants-CWA v. Chao*, 493 F.3d 155, 159 (D.C. Cir. 2007) (requiring exhaustion because "having largely disregarded agency procedures the [plaintiffs] are in no position to complain of agency delay").

The Court finds no grounds to exercise its discretion to excuse Plaintiffs' failure to exhaust the administrative appeal process. Absent completion of the administrative appeal process, Plaintiffs do not present a final agency action subject to judicial review under the APA. Accordingly, Plaintiffs have failed to state a claim, and their Complaint is DISMISSED WITHOUT PREJUDICE. *See Reliable*, 324 F.3d at 735 (explaining that the plaintiff had failed to state a claim under Rule 12(b)(6) because there was no final agency action).

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss. Plaintiffs failed to state a claim for which relief can be granted as, absent an administrative appeal, Defendants' inaction does not constitute a final agency action subject to judicial review. And, the Court finds no grounds on which to exercise its discretion to excuse Plaintiffs' failure to exhaust the administrative appeal process. Accordingly, Plaintiffs' Complaint is DISMISSED WITHOUT PREJUDICE.

An appropriate Order accompanies this Memorandum Opinion.

Dated: January 7, 2019

           /s/
           COLLEEN KOLLAR-KOTELLY
           United States District Judge